# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs December 3, 2002

### TONY BLAND v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-25954    Carolyn Wade Blackett, Judge**

---

**No. W2002-01784-CCA-R3-PC  - Filed January 6, 2003**

---

The petitioner challenges the dismissal of his petition for post-conviction relief by the Shelby County Criminal Court, which dismissed the petition based upon the statute of limitations.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Ross A. Sampson, Memphis, Tennessee (in post-conviction court), for the appellant, Tony Bland; and Tony Bland, *Pro Se* (on appeal).

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; William L. Gibbons, District Attorney General; and Gail Ann VerMaas, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner pled guilty on May 7, 1990, to the offenses of selling cocaine and aggravated burglary, and on June 19, 1990, the trial court sentenced him to concurrent, probated sentences of three years and four years, respectively.  His probation was revoked on October 4, 1991; he served his sentences in the Tennessee Department of Correction; and he was paroled on January 30, 1992. He was subsequently indicted in the State of Mississippi, and the two Tennessee convictions were allegedly used as a basis to declare him a habitual offender under Mississippi law.

Petitioner filed a petition for post-conviction relief on December 6, 2001, alleging his guilty pleas were unknowingly and involuntarily entered and he was deprived of the effective assistance

of counsel.  The post-conviction court dismissed the petition based upon the statute of limitations.  This *pro se* appeal ensued.[1]

## STATUTE OF LIMITATIONS

A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred.  Tenn. Code Ann. § 40-30-202(a).  Time is of the essence in claiming post-conviction relief, and compliance with the one-year statute is an element of the right to file a petition.  *Id.*  The statute itself provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid.  *Id.* § 40-30-202(b).  The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process.  *See* Seals v. State, 23 S.W.3d 272, 278-79 (Tenn. 2000).

The petition was filed more than eleven years after the judgment became final.  None of the three statutory exceptions apply to the late-filed petition.  Furthermore, the petitioner's contention that "compelling circumstances of his present situation being incarcerated in the State of Mississippi made it impossible for him to know the laws of Tennessee or keep up with the change in law . . . [so as to raise] this issue in a timely manner" does not create a due process avenue of relief.  *See* Guillermo Matiaz Juan v. State, No. 03C01-9708-CR-00318, 1999 Tenn. Crim. App. LEXIS 140, at *4 (Tenn. Crim. App. Feb. 18, 1999, at Knoxville), *perm. to appeal denied* (Tenn. July 12, 1999) (holding ignorance of the law does not bar application of the post-conviction statute of limitations); William Lynn Johnson v. State, No. 02C01-9605-CR-00136, 1997 Tenn. Crim. App. LEXIS 555, at **8-9 (Tenn. Crim. App. June 10, 1997, at Jackson), *perm. to app. denied* (Tenn. Sept. 15, 1997) (holding that incarceration in a federal prison without access to Tennessee legal resources does not fall within the statutory exceptions nor the due process exception).  Application of the statute of limitations in this case does not violate due process.

Accordingly, we affirm the judgment of the post-conviction court.

_____
JOE G. RILEY, JUDGE

---

[1]The post-conviction court appointed counsel upon the filing of the petition, and counsel filed an amended petition.  The record does not reflect why appointed counsel is not representing petitioner on appeal.  We take this opportunity to note the obligation of appointed counsel to continue to represent a post-conviction petitioner on appeal upon denial of relief by the post-conviction court.  Drummer v. State, 6 S.W.3d 520, 523 (Tenn. Crim. App. 1999) (also a Shelby County case).  However, due to the nature of the narrow issue presented in this appeal, we envision no practical reason to further address this shortcoming.